IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| HOXBRIDGE INSURANCE COMPANY, INC., a Risk Retention Group;<br><br>Plaintiff,<br><br>vs.<br><br>NETLANE LOGISTICS, INC.,<br><br>Defendant. | 4:23CV3018<br><br>ORDER |

    The Complaint, which seeks declaratory relief regarding Plaintiff's rights and obligations under a commercial trucking policy of insurance it issued to Defendant, asserts this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and certain regulations promulgated by the Motor Carrier Act of 1980, 49 U.S.C. § 10101 *et seq*. (Filing No. 1.) However, in reviewing the pending motion for summary judgment, the Court questions whether it has subject matter jurisdiction over this case.

    Plaintiff is seeking a determination of Defendant's obligation to provide insurance coverage for claims arising from a trucking accident that occurred on February 19, 2022, in Seward County, Nebraska. (Filing No. 1.) Plaintiff seeks to exclude all coverage obligations relative to the accident, including the obligation to provide a defense and indemnification to Defendant. (Filing No. 1.) The insurance policy at issue has an MCS-90 endorsement attached in compliance with the financial responsibility requirements under the Motor Carrier Act. (Filing No. 1.)

    The claim presented in Plaintiff's complaint involves construction of the insurance policy, which is a matter of state law. See *Planet Sub. Holdings, Inc. v. State Auto Prop. & Cas. Ins. Co., Inc.,* 36 F.4th 772, 775 (8th Cir. 2022). The only assertion regarding federal jurisdiction is based

on the MCS-90 endorsement attached to the insurance policy that is at issue in this case. "When a complaint invokes federal question jurisdiction but does not rely on a federal cause of action '[t]he mere presence of a federal issue in a state cause of action, does not automatically confer federal-question jurisdiction.'" *Progressive Express Insurance Co. v. Harry's Truck Service, LLC, et al* 688 F.Supp.3d 773, 777 (ND Ill. 2023). *See also State Auto Ins. Ass'n v. Parry,* 123 F.2d 243, 246 (8th Cir. 1941) (A case that depends on questions of state law cannot be brought within the jurisdiction of the federal tribunal as one arising under federal laws merely by reference to some federal statute or statutes.).

Given the jurisdictional allegations in the Complaint, this Court has a question whether the matter is properly before the Court. Accordingly, Plaintiff is ordered to provide a statement further explaining its basis to invoke the jurisdiction of this Court and why this case should not be dismissed for lack of jurisdiction. Plaintiff shall submit its response within seven days of the date of this order, and Defendant may file any response thereto seven days after Plaintiff's submission.

Dated this 14th day of March, 2025.

BY THE COURT:

_____
Susan M. Bazis
United States District Judge